## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENNIS J. DILORENZO,

        Plaintiff,

v.                                          Case No. 12-CV-12116
                                          Honorable Denise Page Hood

BAC HOME LOANS SERVICING, LP
f/k/a COUNTRYWIDE HOME LOANS
SERVICING, LP,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## AND DISMISSING THIS CASE

**I.      INTRODUCTION**

      This matter involves a foreclosure. Before the Court is Defendant, Bank of America, N.A. ("BANA") on a Motion to Dismiss. Plaintiff has not responded to Defendant's motion. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

**II.     STATEMENT OF FACTS**

      Plaintiff filed this action on April 5, 2012 in Wayne County Circuit Court alleging: Quiet Title (Count I); Unjust Enrichment (Count II); Breach of Implied Agreement/Specific Performance (Count III); and Breach of MICH. COMP. LAWS § 3205c (Count IV). Defendant removed this action to this Court on May 10, 2012.

      On August 10, 2001, Plaintiff obtained a $160,500 loan with BAC Home Loans Servicing, LP ("BAC"), secured by a mortgage, for a certain property located in Livonia, Michigan (the "property"). BAC later became Bank of America, N.A. ("BANA"). BANA was

the servicer of the mortgage loan and is the assignee of the mortgage.  The note and mortgage were recorded with the Wayne County Register of Deeds on August 24, 2001.

In July 2009, BAC's interest was assigned to BANA, which was recorded on August 7, 2009. In April 2010, Plaintiff defaulted on his loan obligations and failed to cure the default. BANA foreclosed on the property and purchased it at the foreclosure sale on July 22, 2010. The redemption period expired January 22, 2011.

## III.    LAW AND ANALYSIS

### A.    Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the plaintiff's com plaint. Fed. R. Civ. P. 12(b)(6). Accepting all factual allegations as true, the Court will review the complaint in a light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a mere possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendant attached the following exhibits for consideration: adjustable rate note (exhibit A); mortgage (exhibit B) and sheriff's deed recording sheet and mortgage sale (exhibit C). In deciding a motion to dismiss, the Court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the

motion to dismiss so long as they are referred to in the Complaint and central to the claims contained therein." *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may consider items that "verify the complaint" and do not rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *see also Armengau v. Cline*, 7 Fed. Appx. 336, *5 (6th Cir. 2001) (extrinsic materials [that] merely 'fill in the contours and details of a complaint, ... add nothing new and may be considered without converting the motion to one for summary judgment")(quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.* 107 F.3d 443, 445 (6th Cir. 1997)). The Court may also take note of matters of which it could take judicial notice. *Armengau*, 7 Fed. Appx. at *5. However, the Court cannot consider items that would refute the factual allegations in the Plaintiff's Complaint. *See Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396 (6th Cir. March 2, 2012) (reversing trial court's grant of motion to dismiss when the trial court considered the settlement agreement that directly conflicted with the allegations made in the complaint). Accordingly, the Court will consider the attached exhibits because they are referenced in the Complaint and central to Plaintiff's claims.

**B.      Redemption**

Defendant contends that Plaintiff cannot assert an interest in the property because the redemption period expired on January 22, 2011. In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v.*

*American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In Michigan, all rights and title are vested in the purchaser once the foreclosure is complete. *See* MICH. COMP. LAWS § 600.3236.   Once the redemption period following foreclosure of real property has expired, the former owners' rights in and title to the property is extinguished. *Kama v. Wells Fargo Bank,* No.10-10514, 2010 U.S. Dist. LEXIS 115543, *5 (E.D. Mich. Oct. 29, 2010) (unpublished); *Overton v. Mortgage Electronic Registration Systems,* 2009 Mich. App. LEXIS 1209, *1–2 (Mich. Ct. App. May 28, 2009) (unpublished); *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942). Filing a lawsuit does not toll the redemption period and once that period has expired, the plaintiff can no longer assert an interest in the property. *Overton,* 2009 Mich. App. LEXIS 1209 at *3.

"[I]t would require a strong case of fraud or irregularity, or some peculiar exigency to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997). Plaintiff has not alleged any fraud or irregularity, or some peculiar exigency, to warrant setting aside the foreclosure sale. The Plaintiff states that the Defendant intentionally prevented the Plaintiff from entering a loan modification agreement. Plaintiff failed to specify how the Defendant prevented him from entering into a loan modification agreement. *See* Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud or mistake"); *see also Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008) ("At minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied"). The mere statement that the Defendant prevented Plaintiff from entering into a loan modification is insufficient to set aside the foreclosure sale after the redemption period has expired. The Court finds that Plaintiff has not alleged the requisite level of fraud or irregularity

to warrant setting aside the foreclosure sale. The Court dismisses Plaintiff's complaint to the extent that he seeks legal title to the property.

### C.      Statute of Frauds

Defendant argues that Plaintiff's Complaint is barred by the statute of frauds. Plaintiff's Complaint is predicated on the Plaintiff's attempt to negotiate a loan modification in good faith with the Defendant. Plaintiff asks that the Court order Defendant to continue processing the loan modification. The statute of frauds provides in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

MICH. COMP. LAWS § 566.132(2). In *Crown Tech. Park v. D&N Bank*, *Crown Tech Park v D&N Bank, FSB*, the Michigan Court of Appeals reasoned section 566.132(2) is unambiguous. 242 Mich. App. 538, 550 (2000). The Michigan Court of Appeals noted that the statute prevents a party "from bringing a claim—*no matter its label*—against a financial institution to enforce the terms of an oral promise to waive a loan provision. *Id.* (emphasis added).  Not only has Plaintiff failed to allege that he is eligible for the modification, he has failed to identify any promise made by the Defendant. To the extent that Plaintiff's Complaint relies on a verbal promise to modify his loan, it fails. Plaintiff has not alleged that there is any written promise to modify the loan that was signed by the Defendant.

### D.      Unjust Enrichment

5

Plaintiff alleges that BANA was unjustly enriched when they foreclosed on the property without giving the Plaintiff an opportunity to modify the loan. An unjust enrichment claim requires the plaintiff to show: (1) receipt of a benefit by the defendant from the plaintiff; and (2) plaintiff experienced inequity by the defendant's retention of the benefit. *Barbara v. SMH (US)*, 202 Mich. App. 366, 375 (1993). The law will imply a contract in order to prevent an injustice. *Martin v. East Lansing School Dist.*, 193 Mich. App. 166, 177 (1992). However, the Court will not imply a contract if there is an express contract on the same subject matter. *Campbell v. Troy*, 42 Mich. App. 534, 537 (1972). Plaintiff's claim for unjust enrichment must fail because a contract already exists that governs the parties' rights on this subject. The Court finds that Plaintiff cannot support a claim based on the facts alleged. Plaintiff's claim for unjust enrichment is dismissed.

F.     **Breach of Implied Contract/Specific Performance**

Plaintiff's breach of contract claim is predicated on Defendant's unwillingness to allow Plaintiff to modify his loan. Under Michigan law, the elements of a breach of contract claim are (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury. *Ypsilanti Cmty Utilities Auth v. Meadwestvaco Air Sys, LLC*, 678 F Supp 2d 553 (E.D. Mich. 2009). Plaintiff has failed to provide any written documentation signed by the Defendant showing that the loan was modified. *See* MICH. COMP. LAWS § 566.132.  Although Plaintiff alleges that he was negotiating a loan modification, Plaintiff provides no proof that a modification plan was executed, nor has Plaintiff identified how Defendant breached the contract. The Court finds that Plaintiff cannot support a claim based on the alleged facts.

G.     **Michigan Complied Laws § 600.3205c**

Defendant argues that Count IV of Plaintiff's Complaint should be dismissed because Plaintiff cannot set aside the foreclosure sale pursuant to MICH. COMP. LAWS § 600.3205c. Plaintiff claims that the Defendant failed to adhere to the requirements set forth in section 600.3205c. The statute provides the procedure for requesting a loan modification. Subsection (1) states that "[i]f a borrower . . . contact[s] a person designated under section 3205a(1)(c) . . . , the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." MICH. COMP. LAWS § 600.33205c(1). If the borrower is eligible for a loan modification, the lender may not initiate foreclosure proceedings unless the lender has offered the loan modification program and the borrower failed to accept the agreement within 14 days. *Id.* at § 600.3205c(7). If foreclosure proceedings are initiated in violation of this statute, the borrower may ask the court to convert the foreclosure proceeding into a judicial foreclosure. *Id*. at § 600.3205c(8).

Plaintiff asserts that the Defendant wrongfully foreclosed the mortgage by failing to utilize all of the available tools enumerated in section 600.3205c(1)(a). However, section 600.3205c(1) only applies "[i]f a borrower has contacted a housing counselor under section 3205b." Plaintiff does not allege that he contacted a housing counselor as required under the statute nor does he state that he was eligible for a loan modification. More importantly, section 600.3205c does not give the Court authority to set aside the foreclosure. *See Adams v. Wells Fargo Bank*, No. 11-10150, 2011 U.S. Dist. LEXIS 90226 (E.D. Mich. 2011) (unpublished) (noting that section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure."). Plaintiff has failed to plead sufficient facts in support of his claim and offers nothing more than a recitation of section 600.3205c, without

7

identifying which sections were violated.  Furthermore, Plaintiff cannot challenge the foreclosure because the redemption period expired on January 22, 2011. The statute clearly requires the borrower to seek remedy prior to the completion of the foreclosure sale.  Plaintiff's claim is dismissed for failure to state a plausible claim for relief against the Defendant.

### H.    Quiet Title

Plaintiff alleges that he is entitled to quiet title of the Property because the Defendant's actions intentionally precluded him from entering into a loan modification or settlement agreement so that Plaintiff could retain possession of his home. In order to properly allege a quiet title claim, plaintiff must show that his claim to the property is superior to the Defendant's. *Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n*, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title"). The burden of proof then shifts to the defendant to prove that they have superior title.  Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed. *Johns v. Dover*, No. 291028, 2010 Mich. App. LEXIS 1319, 3–4 (Mich. Ct. App. July 8, 2010) (unpublished).

Plaintiff has not attempted to show a chain of title nor has he demonstrated a superior claim of ownership. Plaintiff has failed to make any pertinent factual allegations.  He has instead, resorted to conclusory statements. *See Twombly*, 550 U.S. at 555.  Plaintiff admits that he obtained a mortgage as security for the loan. He does not allege that the loan has been repaid or satisfied. In fact, the Plaintiff concedes that he defaulted on the loan. The facts as alleged in the complaint indicate that BANA has superior claim of ownership.

The Defendant references the unclean hands doctrine to illustrate that the Plaintiff is not entitled to the relief sought. The unclean hands doctrine is an equitable defense; the defendant

arguing that the plaintiff is not entitled to obtain an equitable remedy because the plaintiff acted in bad faith. A court acting in equity looks at the whole situation and grants or withholds relief as good conscience dictates. *McFerren v. B & B Inv Group*, 253 Mich. App. 517, 522 (2002). A party seeking the aid of equity must come in with clean hands. *Id*. Defendant claims that Plaintiff has unclean hands because he stopped making monthly payments four years ago. Plaintiff does not dispute this. As such, Plaintiff has failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). His Complaint is dismissed.

**IV.     CONCLUSION**

**IT IS ORDERED** that Defendant's Motion to Dismiss **[Docket No. 3, filed May 17, 2012]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS SO ORDERED**.

Dated:  October 26, 2012                           s/Denise Page Hood
                                                   DENISE PAGE HOOD
                                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, October 26, 2012, by electronic and/or ordinary mail.

                                                   s/Julie Owens
                                                   Case Manager, (313) 234-5160